UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILL LONZO, ) | |
| ) | Case No. 21 C 4558 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| ANTHONY BLANCO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Will Lonzo brings claims against defendants City of Chicago and Chicago Police Officers alleging an unlawful arrest and detention claim under the Fourth Amendment, an unlawful seizure and detention claim under the Fourth Amendment, and state law claims of false arrest and intentional infliction of emotional distress. Before the Court is the City's and defendant officers Anthony Blanco, Kenneth Hooper, and Michaelen Johnson's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part defendants' motion.

**Background**

In his complaint, Lonzo alleges that on August 25, 2020, he reported a disturbance at his residential building to the Chicago Police Department ("CPD"). Officers Blanco and Hooper responded to the call and met with Lonzo at his residence on West Jackson Boulevard in Chicago. After their encounter, Officers Blanco and Hooper transported Lonzo to Loretto Hospital in Chicago and signed a petition for involuntary commitment against Lonzo's will. Further, Lonzo alleges that defendant Officer Johnson supervised Officers Blanco and Hooper and signed off on the petition for involuntary commitment. Lonzo asserts that he was involuntarily seized without probable cause and detained at Loretto Hospital from August 25 to August 28, 2020.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

In defendants' motion to dismiss, they first argue that Lonzo has failed to sufficiently allege his Fourth Amendment false arrest claim. They explain that defendant officers never arrested him because a civil commitment is not an arrest, but instead is a seizure. *See Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013). The Court agrees. Accordingly, Lonzo's Fourth Amendment false arrest and detention claim in Count I is duplicative of his Fourth Amendment unlawful seizure and detention claim in Count II. The Court therefore grants defendants' motion to dismiss Count I. *See Barrow v. Blouin*, 38 F.Supp.3d 916, 920 (N.D. Ill. 2014) (Dow, J.) ("Courts have authority to dismiss duplicative claims if they allege the same facts and the same injury.").

Defendants next argue that because they had probable cause to seize and detain Lonzo based on his mental health and potential harm to himself or others, his Fourth Amendment Claim in Count II fails. In support of their argument, defendants ask the Court to view the body cam footage that Officer Blanco wore on the day of the incident, which they attached to their motion to dismiss.

2

The controlling case law defendants rely upon to support their request for the Court to view the video footage is problematic because it is in the context of motions for summary judgment or when a plaintiff attaches video recordings to his complaint. *See, e.g., Scott v. Harris*, 550 U.S. 372, 378–81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007); *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

To explain, when ruling on a Rule 12(b)(6) motion, the Court can only review "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Kuebler v. Vectren Corp.*, 13 F.4th 631, 636 (7th Cir. 2021) (citation omitted). Lonzo's complaint makes no reference to Officer Blanco's body cam footage, or any video for that matter. Meanwhile, although defendants believe the video establishes their probable cause to seize and detain Lonzo, a "defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or present a different set of allegations." *Smith v. Burge*, 222 F.Supp.3d 669, 691 (N.D. Ill. 2016) (St. Eve, J.) (citation omitted). Moreover, after reviewing the video footage, the Court is not convinced Lonzo's allegations were "blatantly contradicted" and "utterly discredited" by the footage as required by *Scott*, especially because "video may not tell the whole story and reasonable people can sometimes draw different conclusions from the same video." *Felton v. City of Chicago*, 827 F.3d 632, 637 (7th Cir. 2016). The Court denies defendants' motion to dismiss Count II.

In Count III, Lonzo brings a state law false arrest claim, and in Count IV, he alleges a state law intentional infliction of emotional distress claim. Defendants argue that these claims are barred by Section 4-102 of the Illinois Tort Immunity Act, 745 ILCS 10/4-102. Plaintiff did not address defendants' immunity arguments in his response brief, and thus he has waived these claims. *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument [] results in waiver.").

**Conclusion**

For these reasons, the Court grants in part and denies in part defendants' motion to dismiss [17]. The only remaining claim in this lawsuit is plaintiff's Fourth Amendment unlawful detention and seizure claim as alleged in Count II.

**IT IS SO ORDERED.**

Date: 4/25/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge